## Austin Bliss & another *vs.* Lothrop Clark.

A committee authorized by vote of the proprietors of a meeting-house to sell it on a day named have no authority to make the sale on any other day.

When the evidence offered by the plaintiff is not sufficient to maintain the action, he has no ground of exception to the admission of incompetent evidence offered by the defendant.

The maker of a promissory note given for the purchase of a chattel, which the vendor has no authority to sell, may set up this want of authority in defence of an action on the note by the vendor, without returning the bill of sale, and even. if he afterwards sells for a valuable consideration whatever title he obtained by the transaction.

Action of contract on a promissory note for $145.25. Answer, want of consideration. At the trial in the superior court it appeared that the defendant gave the note for the purchase of a meeting-house in Monson, which he bought by auction on the 31st of May 1859, and received a bill of sale from the plaintiffs as a committee of the proprietors of the meeting-house ; that he never returned the bill of sale ; but never took or attempted to take possession of the building ; and within a week after his purchase sold his title to Cyrus Day, in consideration of the payment of ten dollars and of Day's agreement to defend him against this note. *Rockwell*, J. directed a nonsuit, and the plaintiff alleged exceptions, the substance of which is stated in the opinion.

*F. Chamberlin*, for the plaintiffs.

*H. Morris*, for the defendant.

Metcalf, J. The defendant denies that the vote of May 5th 1859, to sell the meeting-house, was duly passed by those who had a legal right to authorize the sale thereof, and also denies that two of the committee of three who were chosen to carry that vote into effect had authority to make the sale. But we need not decide either of these questions, because, though both should be decided in the plaintiffs' favor, they could not prevail ; inasmuch as there is no evidence that any authority was given, or attempted to be given, to the committee, to sell the house on the 31st of May.

The votes at the meeting on the 5th of May directed the sale of the house to be made at auction, under the charge of the

committee, on the 19th of May, at two o'clock P. M.; and the meeting was adjourned to the same 19th of May, at one o'clock P. M. The exceptions state that the judge, at the trial, ruled that the record of these votes "was not in the case;" by which we understand him to have ruled that it was not legal evidence to support the plaintiff's case. And it is clear that, standing alone, it did not show that authority was given to the committee to sell the house at any other time than on the 19th of May. If, at the adjourned meeting on that day, any vote was passed, giving authority to the committee to make sale of the house on the 31st of May, the plaintiffs should have produced the record of such vote, as part of the evidence necessary to show that authority. No such record was offered by them, nor has their counsel suggested that there is any such.

When the evidence offered by a plaintiff is not such as will support his case, he has no legal ground of exception to the admission of incompetent testimony offered by the defendant. Its admission does him no harm ; because, if it had been excluded, yet he could not have recovered. We therefore cannot give the plaintiffs a new trial on account of the admission, upon the defendant's motion of oral testimony as to what passed at the adjourned meeting on the 19th of May ; although that testimony was not legally admissible.

The note in suit is of no validity in the plaintiffs' hands, it having been given for a meeting-house sold by them without authority from the owners. The plaintiffs conveyed to the defendant no title to the house, and he is not bound to pay them for it.

The judge correctly ruled that the defendant was not estopped, by his bargains with Cyrus Day, nor by any other act or omission, to "avail himself of this defence."

*Exceptions overruled.*